R. Bruce Johnston, WSBA # 4646
Emanuel F. Jacobowitz, WSBA # 39991
JOHNSTON LAWYERS, P.S.
2701 First Avenue, Ste 340
Seattle, WA 98120
(206) 866-3240 Fax: (206) 866-3234
bruce@rbrucejohnston.com

Dale M. Foreman, WSBA # 6705
DANIEL J. APPEL, WSBA # 35544
LAW OFFICES OF DALE M. FOREMAN, P.S.
124 N. Wenatchee Ave., Suite A
P.O. Box 3125
Wenatchee, WA 98807
(509) 662-9602
dale@daleforeman.com
daniel@daleforeman.com

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| GRAHAM-BINGHAM IRREVOCABLE TRUST, a Washington Trust, and HENRY W. DEAN, Trustee thereof, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUDEAU, a resident of Connecticut, and GREENWICH BAY MANAGEMENT, LLC, and DONALD TRUDEAU, d/b/a GREENWICH BAY MANAGEMENT, LLC, <br><br> Defendants. | Case No. **2:12-cv-00755** <br><br> **COMPLAINT FOR BREACH OF CONTRACT** <br><br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1.      Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332

because the action is between parties that are citizens of different states and the

**COMPLAINT FOR BREACH OF CONTRACT
PAGE** 1

LAW OFFICE OF
**DALE M. FOREMAN, P. S.**
124 N. Wenatchee Ave., Suite A
P.O. Box 3125
Wenatchee, Washington 98807
(509) 662-9602  Fax (509) 662-9606

amount in controversy is greater than $75,000. The defendant Donald Trudeau is believed to be a resident of Connecticut. For diversity jurisdiction purposes, a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. The defendant Greenwich Bay Management, LLC is believed to be a limited liability company organized under the laws of a state other than Washington with its principal place of business in Connecticut, and consequently is a citizen of a state or states other than Washington. Plaintiff Graham-Bingham Irrevocable Trust is a Washington Trust with its only place of business in the State of Washington. Plaintiff Henry W. Dean is a resident of the State of Washington.

2.     Venue is proper in this Court pursuant to 28 U.S.C. 1391 inasmuch as the loan agreement that forms the basis of the Complaint calls for venue in King County, Washington.

## PARTIES

3.     Plaintiff Trust is an irrevocable trust formed under the laws of the State of Washington on June 19, 2006 for the purpose of insuring the life of Francis P. Graham, a resident of the State of Washington. Plaintiff Henry W. Dean is the trustee thereof and is a resident of the State of Washington. The Trust was the owner of the

**COMPLAINT FOR BREACH OF CONTRACT PAGE** 2

LAW OFFICE OF
DALE M. FOREMAN, P. S.
124 N. Wenatchee Ave., Suite A
P.O. Box 3125
Wenatchee, Washington 98807
(509) 662-9602  Fax (509) 662-9606

insurance policy and was the borrower of funds for a premium payment as described below.

4.      Defendant Donald Trudeau is a resident of Connecticut.

5.      Defendant Greenwich Bay Management, LLC (Greenwich Bay) is owned by Defendant Trudeau and is a company organized under the laws of a state other than Washington with its principal place of business in Connecticut or is trade name of Donald Trudeau under which he does business.

## FACTUAL BACKGROUND

### Contract for Insurance

6.      On or about July 10, 2006, John Hancock Life Insurance Company USA (John Hancock) issued a variable universal life insurance policy, No. 46027371, insuring the life of Francis P. Graham (the Policy). Plaintiff Trust owned the Policy. The nature of the Policy is such that the face value varies according to the earnings achieved, but on March 4, 2010, when John Hancock confirmed that the Policy was in full force and effect, it had a face value of Twenty-Two Million Three Hundred Fifty Thousand ($22,350,000) USD. Annual premiums were $1,955,000.

### Payment of the February 2010 Premium by Defendants

7.      Beginning mid-2009 and continuing until May 2010, Plaintiffs were trying to sell the Policy on the life settlement market, which allows owners of policies to sell

**COMPLAINT FOR BREACH OF CONTRACT
PAGE** 3

LAW OFFICE OF
DALE M. FOREMAN, P. S.
124 N. Wenatchee Ave., Suite A
P.O. Box 3125
Wenatchee, Washington 98807
(509) 662-9602  Fax (509) 662-9606

them on the open market for an amount greater than their cash surrender value but less than the face value. To further this goal, Plaintiffs' insurance broker contacted FairMarket Life Settlements, Corp., in New York in 2009. Ken Klein, the CEO of FairMarket, in turn, contacted possible buyers for the Policy. Mr. Klein's office contacted Defendant Trudeau in late 2009, and he expressed an interest in purchasing the Policy. Negotiations continued over the next several months.

8.    A premium payment for the Policy of $544,147.24 was due on February 20, 2010, which was a Saturday. The Plaintiffs and Trudeau confirmed to one another that it was their belief that if the payment were not made on or before February 20, 2010, the Policy issuer, John Hancock would cause the Policy to lapse. Plaintiff Trust did not have access to sufficient cash to make the February 2010 premium payment from its own resources, and obtaining the premium amount from any other available source carried great expense and/or risk that the Plaintiff Trust desired to avoid. Defendant Trudeau was aware of these facts, having been well informed of them by Mr. Klein.

9.    It was agreed that the Defendant Trudeau, by making the payment, would secure from the Plaintiffs a right to obtain the Policy for the premium amount if the Policy could not be sold for more within a specified time, and further obtained the right to market the policy at a potential profit to the Defendants.

**COMPLAINT FOR BREACH OF CONTRACT**
**PAGE** 4

**LAW OFFICE OF**
**DALE M. FOREMAN, P. S.**
124 N. Wenatchee Ave., Suite A
P.O. Box 3125
Wenatchee, Washington 98807
(509) 662-9602  Fax (509) 662-9606

10.    To facilitate the loan of funds to pay the premium and to document the agreement of the parties, David Bingham (one of the co-trustees of Plaintiff Trust at the time), signed a non-recourse promissory note in the amount of $550,000. This note was forwarded, as agreed, to Defendant Trudeau along with appropriate collateral assignment documents to perfect Defendants' security interest in the Policy.

11.    Mr. Klein spoke with Defendant Trudeau on February 20, and the latter confirmed his agreement to make the premium payment as a loan, evidenced by a promissory note, and secured by an assignment of the Policy or equivalent security interest in the Policy. Trudeau was, or had been, an agent for John Hancock and was knowledgeable regarding its procedures.

12.    Based on that knowledge, Trudeau went to a local Citibank branch (Citibank is John Hancock's bank), and directly deposited a check for $554,000 (the "Check") into John Hancock's account. Defendant Greenwich Bay's name is on the check, which was drawn on Defendant Greenwich Bay's account at Wachovia (now Wells Fargo) Bank. Defendant Trudeau signed the Check; he then forwarded a copy of the deposit slip to Mr. Klein, who sent it on to Plaintiffs' broker in Seattle.

13.    At the time Defendant Trudeau wrote the Check, he knew the Wachovia account on which it was drawn did not have sufficient funds to cover the amount of

**COMPLAINT FOR BREACH OF CONTRACT
PAGE** 5

LAW OFFICE OF
DALE M. FOREMAN, P. S.
124 N. Wenatchee Ave., Suite A
P.O. Box 3125
Wenatchee, Washington 98807
(509) 662-9602  Fax (509) 662-9606

the Check, but he told no one this fact.  Defendants did not take any steps to provide sufficient funds before the Check was presented for payment in the ordinary course.

14.    The Check was dishonored and returned for insufficient funds the following week, but again Defendant Trudeau did not tell anyone of that fact.

15.    Defendants took no steps to cause the check to be honored, to have it re-presented for payment, or to make good on his contract of the drawer.

16.    Wachovia's loss prevention unit contacted Defendant Trudeau in early March to investigate the Check and the circumstances surrounding its dishonor, but he kept this information to himself, and took no steps to have the check honored, re-presented, or to make good on his contract of the drawer.

17.    John Hancock reinstated the Policy (which it alleged had technically lapsed because the payment was not credited until February 22, the Monday following the alleged lapse date) in early March.  Plaintiffs continued in their efforts to sell the Policy and secured a bona fide offer of $3.2 million in late April 2010.

18.    The negotiated sale at $3.2 million, if closed according to its terms would have allowed repayment of the Trudeau Loan, and a substantial additional cash payment to Plaintiffs in excess of $2.6 million.

**COMPLAINT FOR BREACH OF CONTRACT**
**PAGE** 6

LAW OFFICE OF
DALE M. FOREMAN, P. S.
124 N. Wenatchee Ave., Suite A
P.O. Box 3125
Wenatchee, Washington 98807
(509) 662-9602  Fax (509) 662-9606

19.    John Hancock did not reverse the amount of the NSF check payment from its internal management system until April 26, 2010, and Plaintiffs did not learn of the returned Check until some time thereafter.

20.    When Defendant Trudeau was told of the returned Check in May 2010, he feigned surprise even though he had long known it had been dishonored upon presentment for payment.

21.    Because the payment made by the NSF Check was reversed, John Hancock considered the policy to have retroactively lapsed as of February 20, 2010.   The pending sale that Plaintiffs had negotiated for $3.2 million fell through because of the lapse asserted by John Hancock based on the dishonor of the NSF Check.

22.    Defendant Trudeau's agreement to lend funds based on the promissory note and/or assignment documents and/or the promise to deliver to him such documents (the Loan Documents), coupled with his deposit of the Check to John Hancock in consideration of the Loan Documents, coupled with his failure to object to the documents within a reasonable time after the fact, constituted a valid and binding contract under Washington law.   The Loan Documents express the terms of the agreement and contract (as defined in RCW 62A.1-201(3) and (11)) between Plaintiffs and Defendants with respect to the loan.

**COMPLAINT FOR BREACH OF CONTRACT**
**PAGE** 7

LAW OFFICE OF
**DALE M. FOREMAN, P. S.**
124 N. Wenatchee Ave., Suite A
P.O. Box 3125
Wenatchee, Washington 98807
(509) 662-9602  Fax (509) 662-9606

23.    Defendant Trudeau knowingly wrote and transferred and/or negotiated the Check which, at the time it was transferred, and at the time it was presented for payment, was not backed by sufficient funds on deposit in the account on which it was drawn, which act violated the terms of the loan contract and caused Plaintiffs harm in an amount to be proven at trial.

## CAUSE OF ACTION – BREACH OF CONTRACT

24.    Based on the foregoing, the actions of Defendants constitute material breaches of contract, which caused damage to the Plaintiffs in amounts to be proven at trial.

**WHEREFORE**, Plaintiffs, having set forth their Complaint against the Defendants, ask for Judgment against the Defendants as follows:

1.    For judgment upon Plaintiffs' cause of action in the amount proven at trial.

2.    For Plaintiffs' costs and reasonable attorney fees.

3.    For such other and further relief as the court may deem just and equitable.

4.    Plaintiffs request a trial by jury.

**DATED** this 30th day of April, 2012.

JOHNSTON LAWYERS, PS

   /s/ R. Bruce Johnston_____
R. Bruce Johnston, WSBA # 4646
Emanuel F. Jacobowitz, WSBA # 39991
2701 First Avenue, Ste 340
Seattle, WA 98120

**COMPLAINT FOR BREACH OF CONTRACT**
**PAGE** 8

LAW OFFICE OF
**DALE M. FOREMAN, P. S.**
124 N. Wenatchee Ave., Suite A
P.O. Box 3125
Wenatchee, Washington 98807
(509) 662-9602  Fax (509) 662-9606

1   (206) 866-3240 Fax: (206) 866-3234
    bruce@rbrucejohnston.com
2   Of Attorneys for Plaintiffs

3

4   **LAW OFFICES OF DALE M. FOREMAN, P.S.**

5

    By: /s/ Dale M. Foreman
6       Dale M. Foreman, WSBA #6507
7       Daniel J. Appel, WSBA #35544
        P. O. Box 3125
8       Wenatchee, WA  98807
9       (509) 662-9602 - (509) 662-9606 fax
        E-mail: dale@daleforeman.com
10      E-mail: daniel@daleforeman.com
        Of Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**COMPLAINT FOR BREACH OF CONTRACT
PAGE** 9

**LAW OFFICE OF
DALE M. FOREMAN, P. S.**
124 N. Wenatchee Ave., Suite A
P.O. Box 3125
Wenatchee, Washington 98807
(509) 662-9602  Fax (509) 662-9606